IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS LATINO, | No. 2:11-cv-2244-CMK |
| Plaintiff, | |
| vs. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

   Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the court is defendant's motion to dismiss (Doc. 12). Plaintiff filed an opposition to the motion (Doc. 13), and defendant filed a reply (Doc. 14).

   In social security cases, the United States has waived its sovereign immunity and consents to be sued for review of final decisions of the Commissioner of Social Security. See 42 U.S.C. § 405(g). The statute allows suits to be filed "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow . . . ." Id. Under relevant regulations, the term "mailing" refers to the date of receipt by the individual of the Appeals Council's notice of decision, which is presumed to be five days after

1

the date of the decision, unless there is a reasonable showing to the contrary.  See 20 C.F.R. §§ 404.981, 616.1481, 404.901, 416.1401, 422.210(c).  The time limit is not jurisdictional but is a statute of limitations subject to equitable tolling.  See Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir. 1987) (citing Mathews v. Eldridge, 424 U.S. 323, 328 n. 9 (1976)).  Equitable tolling should only be considered in the most rare of cases and only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment [as to whether to extend the limitations period] is inappropriate."  Bowen v. New York, 476 U.S. 467, 480 (quoting Mathews, 424 U.S. at 330).

      Here, defendant argues plaintiff filed his complaint one day late.  Plaintiff's counsel acknowledges this action was filed one day beyond the statute of limitations, but provides the court with an alternate filing date.  Counsel's argument, and the court's records, show that counsel filed a complaint on plaintiff's behalf on August 19, 2011, prior to the expiration of the statute of limitations.  See Latino v. Comm'r, 2:11-at-1185.  However, this action was terminated as no filing fees were received.  Counsel indicates he attempted to electronically file the application to proceed in forma pauperis, but was unable to do so successfully.  Once he obtained assistance, he was able to successfully upload both the complaint and the application to proceed in forma pauperis and this action commenced on August 23, 2011.

      The court finds it appropriate to accept the original filing date of August 19, 2011.  Thus, accepting the original filing date, the complaint was filed within the statute of limitations.  The Clerk of the Court will be directed to update the docket to show the corrected filing date.  Defendant's motion will therefore be denied.

      Accordingly, IT IS HEREBY ORDERED that:

      1.    The undersigned finds the original filing date of August 19, 2011, to be the appropriate filing date;

      2.    The Clerk of the Court is directed to update the docket to show the correct filing date of the complaint as August 19, 2011;

3. Defendant's motion to dismiss (Doc. 12) is denied;

4. Defendant shall file the administrative record and an answer or other response to the complaint within 45 days of the date of this order; and

5. The remaining dates set forth in the scheduling order (Doc. 6) are adjusted accordingly and affirmed.

DATED: May 29, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE